FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> EMERALDO DEGUZMAN LUMABAN, <br><br> Defendant - Appellant. | No. 14-50344 <br><br> D.C. No. 3:13-cr-03617-W <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Emeraldo Deguzman Lumaban appeals from the district court's judgment and challenges the $20,064.93 restitution order imposed following his guilty-plea conviction for assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lumaban contends that the district court erred by imposing restitution because his conduct did not proximately cause the victims' losses. In particular, he contends that the government failed to establish that the victims lost wages as a result of his assault, rather than because of their pre-existing, service-connected post-traumatic stress disorders. We review de novo the legality of a restitution order. *See United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014). The government met its burden of proving that Lumaban's assault proximately caused the victims' losses. *See United States v. Peterson*, 538 F.3d 1064, 1075 (9th Cir. 2008) ("Defendant's conduct need not be the sole cause of the loss . . . ."). Moreover, contrary to Lumaban's contention, the record reflects that the losses were calculated with reasonable certainty. *See United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011).

**AFFIRMED.**

14-50344